IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAJANESHA IZE-IYAMU, an Individual, | |
| Plaintiff, | Case No.:_____ |
| v. | |
| BOARD OF EDUCATION OF COOK COUNTY ELEMENTARY SCHOOL DISTRICT 159 and COOK COUNTY ELEMENTARY SCHOOL DISTRICT 159, An Illinois unit of local government and School District and its Governing Board. | JURY TRIAL DEMANDED |
| Defendants | |

## COMPLAINT

**I.     INTRODUCTION**

1.     Plaintiff Rajanesha Ize-Iyamu, ("Plaintiff"), by and through her attorneys, files this Complaint against Defendants, Board of Education of Cook County Elementary School District 159,  and Cook County Elementary School District 159, ("Board"/"District", collectively "Defendants"), seeking to vindicate Plaintiff's rights: (1) to be protected from disability discrimination; (2) to be protected from retaliation for requesting disability discrimination protections; and (3) her due process and contractual rights as a tenured Illinois teacher working for the Defendants.  This Complaint is based on personal knowledge as to allegations concerning Plaintiff, and on information and belief as to all other allegations.

**II.     PARTIES**

2. Plaintiff is a tenured teacher who lives in Will County, Illinois, and works in Cook County, Illinois.

3. Defendant District is an Illinois unit of local government chartered under the Illinois School Code with its main administrative office located in Matteson, Cook County, Illinois. Defendant Board is the governing Board of the District empowered by the Illinois School Code. Defendant Board's main office is also located in Matteson, Cook County, Illinois.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction as to the first four counts of the complaint containing two causes of action which arise under federal statutes, and thus under 28 U.S.C.A. 1331, the Court has jurisdiction over the first four counts of the complaint. As to the remaining two counts of the complaint, the Court has supplemental jurisdiction over the two state law causes of action in said two counts because both causes of action are so related to the first four claims so as to be part of the same case and controversy. The Court thus has jurisdiction over the final two counts of the Complaint pursuant to its supplemental jurisdiction under 28 U.S.C.A. 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and the main office of the Defendant is located in this District.

### IV. FACTUAL BACKGROUND

6. Plaintiff was, at the beginning of the 2020-2021 school year, and currently is, a tenured teacher who automatically received a year long teacher contract at the beginning of the 2020-2021 school year. Plaintiff was assigned to teach eighth grade at Colin Powell Middle School, one of the District's elementary schools.

7. For the 2020-2021 school year, all teaching of students was via remote methods due to the Covid-19 emergency. Nevertheless, Defendants required all teachers to teach remotely from within District buildings.

8. Plaintiff has been diagnosed with breast cancer which is in remission which has resulted in Plaintiff having a compromised immune system. Since her cancer is partially in remission, she can carry out her teaching responsibilities with reasonable accommodations.

9. Due to the Covid-19 emergency, on August 12, 2020, Plaintiff requested to work remotely from home rather than endanger herself. Plaintiff made this request for accommodation pursuant to her rights under the Americans with Disabilities Act to Superintendent Alfred and to the District's Human Resources Department. Plaintiff included a doctor's note documenting her impairments arising from cancer. The Defendants also possessed a great deal of medical information from past interactions with Plaintiff associated with leaves of absence as a result of Plaintiff's cancer diagnosis and treatment.

10. On August 21, 2020, instead of providing a reasonable accommodation, the District contended Plaintiff's doctor's note was insufficient to determine whether an accommodation was necessary for Plaintiff. From August 26, 2020, to September 29, 2020, Plaintiff repeatedly attempted to determine what additional medical information was necessary to continue the interactive process.

11. The District was repeatedly evasive as to what was necessary for an accommodation.

12. Beginning in September 10, 2020, the District also delayed pay for Plaintiff for time worked after she requested the interactive process. Beginning on September 11, 2020, the District stopped paying Plaintiff any salary.

13. On September 29, 2020, the District finally requested, in writing, the additional medical information which the District claimed it needed. The District requested the medical information be received by October 5, 2020.

14. On October 5, 2020, the Plaintiff had her doctor send an additional note with additional information in support of Plaintiff's request for reasonable accommodation.

15. On October 15, 2020, the District claimed the additional note was still inadequate. In reality, the October 5, 2020, note provided all necessary information to accommodate Plaintiff. The District requested Plaintiff sign a waiver so that the District could speak directly to Plaintiff's doctor.

16. Plaintiff requested the waiver form on October 28, 2020.

17. On the same date, the District denied Plaintiff's accommodation request outright and demanded that Plaintiff return to work on November 2, 2020. After this point, the District refused any further efforts at accommodation and unilaterally ended the interactive process for accommodation.

18. The District never provided Plaintiff the waiver form necessary to continue the interactive process.

19. When Plaintiff continued to insist on continuing the interactive process in late October and early November 2020, the District recommended to the Board that Plaintiff be dismissed for failure to appear for work.

20. Plaintiff then filed a charge of discrimination on October 29, 2020.

21. On November 18, 2020, the District recommended to the Board at the Board's monthly meeting that Plaintiff be terminated as a tenured teacher. Plaintiff was supposed to be able to attend the meeting remotely, but Defendants failed to properly provide working technology allowing Plaintiff to attend.

22. On November 18, 2020, the Board refused to continue or prosecute termination proceedings against Plaintiff.

23. Nevertheless, since September 11, 2020, and continuing after November 18, 2020, the Defendants have refused to provide Plaintiff with an assignment; have refused to pay Plaintiff; have refused to restart the interactive process for accommodation; have refused and failed to take any formal disciplinary action against Plaintiff as required by the Illinois Teacher Tenure law; and have refused to provide Plaintiff with any of the procedural rights and protections necessary to terminate Plaintiff's employment as a tenured teacher.

## FIRST CLAIM FOR RELIEF
### Violation of the Americans with Disabilities Act and Americans with Disabilities Amendments Act- Discrimination for Refusal to Accommodate

24. Plaintiff incorporates by reference the Paragraphs 1-23 above.

25. Plaintiff has a disability and is a member of the protected class under the Americans with Disabilities Act and the Americans with Disabilities Amendments Act ("ADA and ADAAA"). 42 U.S.C.A. Sec. 12101 et seq. She has an impairment that affects major life activities; or in the alternative, has a record of said impairment; and/or, in the alternative, was regarded by the Defendants as having an impairment which affected her major life activities.

26. Despite multiple requests by Plaintiff, Defendants have refused to offer or provide reasonable accommodations to Plaintiff as required by the ADA and ADAAA, Defendant has refused to provide any reasonable accommodation.

27. Plaintiff can perform her job duties if she were provided a reasonable accommodation.

28. Defendants have refused to provide any such reasonable accommodation and have taken adverse employment actions against Plaintiff based directly on Defendants refusal to provide a reasonable accommodation to Plaintiff.

29. Specifically, Defendants have used their refusal to provide a reasonable accommodation to accuse Plaintiff of not reporting for work. Defendants have refused to assign or pay Plaintiff for most of the 2020-2021 school year.

30. Defendants have also violated the ADAAA by refusing to act in good faith during the interactive process to determine whether Plaintiff's disability can be accommodated.

31. Defendants have constructively discharged, or in the alternative, suspended without pay Plaintiff in lieu of carrying out Defendants' statutory responsibilities to reasonably accommodate Plaintiff's disability.

32. Defendant is an Illinois school district with its principle administrative office in Cook County, Illinois. Defendant is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of the ADA and ADAAA.

33. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on disability and retaliation with the Equal Employment Opportunity Commission on October 29, 2020, more than 60 days before this lawsuit was filed. A copy of the Charge is attached as Exhibit A. On March 1, 2021, Plaintiff received her Notice of Right To Sue from the EEOC, attached hereto as Exhibit B.

34. Plaintiff was hired in August, 2012, by Defendants. The last position held by Plaintiff was tenured teacher of eighth grade.

35. At all times pertinent hereto, Plaintiff performed her job in a satisfactory manner or would have been able to perform her job with a reasonable accommodation.

36. Beginning in or about August 21, 2020, Plaintiff was not allowed to work her assigned classrooms with reasonable accommodation as required by law by Defendants. Beginning on September 11, 2020, Plaintiff was not paid by the District. There was no legitimate business reason for Plaintiff's constructive discharge and/or ongoing indefinite suspension without pay. On

November 18, 2020, Defendants continued the constructive discharge and/or indefinite suspension without pay despite the fact that Defendant Board voted not to discharge Plaintiff.

37. By constructively discharging and/or indefinitely suspending Plaintiff, refusing to accommodate Plaintiff's disability; and cutting off the interactive process for accommodation, Defendants and their agents have willfully and intentionally discriminated against Plaintiff on the basis of her disability.

38. Further, by constructively discharging or indefinitely suspending Plaintiff without pay, Defendants knew that and/or showed reckless disregard for the matter of whether its conduct violated the ADA and ADAAA.

39. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits, and other compensation.

WHEREFORE, Plaintiff, Rajanesha Ize-Iyamu, respectfully requests that this Court enter an order granting Plaintiff the following:

A. Reinstatement to her position as Tenured Teacher, with all backpay and employee and pension benefits;

B. If no comparable position is available, then an award for front pay and all prospective lost benefits; and

C. An award for liquidated damages, statutory damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
**Violation of Section 504 of the Rehabilitation Act of 1973 for Discrimination on the Basis of Disability and Refusal to Accommodate Disability**

40. Plaintiff incorporates by reference the Paragraphs 1-23 above.

7

41. Plaintiff has a disability and is a member of the protected class under Section 504 of the Rehabilitation act of 1973 ("Section 504"). 29 U.S.C.A. 794. She has an impairment that affects major life activities; or in the alternative, has a record of said impairment; and/or, in the alternative, was regarded by the Defendants as having an impairment which affected her major life activities.

42. Despite multiple requests by Plaintiff, Defendants have refused to offer or provide reasonable accommodations to Plaintiff as required by Section 504. Defendant has refused to provide any reasonable accommodation.

43. Plaintiff can perform her job duties if she were provided a reasonable accommodation.

44. Defendants have refused to provide any such reasonable accommodation and have taken adverse employment actions against Plaintiff based directly on Defendants refusal to provide a reasonable accommodation to Plaintiff.

45. Specifically, Defendants have used their refusal to provide a reasonable accommodation to accuse Plaintiff of not reporting for work. Defendants have refused to assign or pay Plaintiff for most of the 2020-2021 school year.

46. Defendants have also violated Section 504 by refusing to act in good faith during the interactive process to determine whether Plaintiff's disability can be accommodated.

47. Defendants have constructively discharged, or in the alternative, suspended without pay Plaintiff in lieu of carrying out Defendants' statutory responsibilities to reasonably accommodate Plaintiff's disability.

48. Defendants are: an Illinois school district and its Board with its principle administrative office in Cook County, Illinois. Defendant receives federal aid through No Child

Left Behind, through the Department of Agriculture, and through special education funds. Defendants are thus bound to carry out the requirements of Section 504.

49. Plaintiff was hired in August, 2012, by Defendants. The last position held by Plaintiff was tenured teacher of eighth grade.

50. At all times pertinent hereto, Plaintiff performed her job in a satisfactory manner or would have been able to perform her job with a reasonable accommodation.

51. On or about August 21, 2020, Plaintiff was not allowed to work her assigned position.with reasonable accommodation as required by law by Defendants. Beginning on or about September 11, 2020, Plaintiff was not paid by the District. There was no legitimate business reason for Plaintiff's constructive discharge and/or ongoing indefinite suspension without pay. On November 18, 2020, Defendants continued the constructive discharge or, in the alternative, continued the indefinite suspension despite the fact that Defendant Board voted not to discharge Plaintiff.

52. By constructively discharging and/or indefinitely suspending Plaintiff, refusing to accommodate Plaintiff's disability; and cutting off the interactive process for accommodation, Defendants and their agents have willfully and intentionally discriminated against Plaintiff on the basis of her disability.

53. Further, by constructively discharging or indefinitely suspending Plaintiff without pay, Defendants knew that and/or showed reckless disregard for the matter of whether their conduct violated Section 504.

54. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits, and other compensation.

WHEREFORE, Plaintiff, Rajanesha Ize-Iyamu, respectfully requests that this Court enter an order granting Plaintiff the following:

9

A. Reinstatement to her position as Tenured Teacher, with all backpay and employee and pension benefits;

B. If no comparable position is available, then an award for front pay and all prospective lost benefits; and

C. An award for liquidated damages, statutory damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

## THIRD CLAIM FOR RELIEF
**Denial of Plaintiff's Property Rights as a Tenured Teacher Without Due Process in violation of 42 USCA 1983, the Civil Rights Act of 1871 and the United States Constitution**

55. Plaintiff incorporates by reference the Paragraphs 1-23 above.

56. Plaintiff is a licensed teacher who has earned tenure under the Illinois School Code. 105 ILCS 5/1-1 et seq.

57. Under the Illinois School Code, tenured teachers have a reasonable expectation of continued employment.

58. In light of the rights and expectations given to Plaintiff by the Illinois School Code, Plaintiff has a liberty and property interest in her expectation of continued employment.

59. Plaintiff thus has a right, prior to termination of employment, to the procedural protections set forth in Section 24-11 of the School Code including a vote by the Board approving charges for dismissal; charges with specifications; a hearing before a hearing officer appointed by the State Board of Education; a right to a Board of Education vote; and a right to administrative review. See 105 ILCS 5/24-11.

60. The Defendants have constructively discharged or, in the alternative, indefinitely suspended Plaintiff without pay without undertaking any of the procedural due process rights guaranteed by the Illinois School Code.

61. Defendants have thus denied Plaintiff her liberty and property interest in her right to continued employment without her constitutionally protected due process of law.

62. On or about September 11, 2020, Plaintiff was constructively discharged or, in the alternative, indefinitely suspended without pay by the Defendants. There was no legitimate business reason for Plaintiff's constructive discharge and/or ongoing indefinite suspension without pay. Defendants continued the constructive discharge and/or indefinite suspension without pay despite Defendant Board voting not to discharge Plaintiff on November 18, 2020.

63. Defendants have constructively discharged, or in the alternative, indefinitely suspended Plaintiff without pay without providing Plaintiff her constitutionally protected due process of law.

64. Defendants are policy makers and thus directly responsible for their unconstitutional actions in denying Plaintiff her due process rights. In the alternative, the Board's failure to supervise its agents was conducted with such deliberate indifference so as to amount to an unconstitutional policy and practice of the District and Board designed to deny Plaintiff her constitutional rights.

65. By constructively discharging and/or indefinitely suspending Plaintiff in disregard of her constitutional rights to due process, Defendants and their agents have willfully and intentionally denied Plaintiff her constitutional rights to due process of law.

66. Further, by constructively discharging or indefinitely suspending Plaintiff without pay, Defendants knew that and/or showed reckless disregard for the matter of whether its conduct violated Plaintiff's constitutional rights.

67. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits, and other compensation.

WHEREFORE, Plaintiff, Rajanesha Ize-Iyamu, respectfully requests that this Court enter an order granting Plaintiff the following:

A. Reinstatement to her position as Tenured Teacher, with all backpay and employee and pension benefits;

B. If no comparable position is available, then an award for front pay and all prospective lost benefits; and

C. An award for liquidated damages, statutory damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
**Retaliation for Complaining of Discrimination and Failure to Accommodate in Violation of the Americans with Disabilities for All Act and Section 504 of the Rehabilitation Act of 1973**

68. Plaintiff incorporates by reference the Paragraphs 1-23 above.

69. Plaintiff has a disability and is a member of the protected class under the Americans with Disabilities Act and the Americans with Disabilities Amendments Act ("ADA and ADAAA"). 42 USC 12101 et seq. She also has a disability as defined by the Section 504 of the Rehabilitation Act of 1973 ("Section 504"). 29 U.S.C.A. 794 et seq. She has an impairment that affects major life activities; or in the alternative, has a record of said impairment; and/or, in the alternative, was regarded by the Defendants as having an impairment which affected her major life activities.

70. After requests by Plaintiff for reasonable accommodations required by the ADA, ADAAA and Section 504, Defendants began a series of adverse employment actions against Plaintiff including a delay to pay her for hours worked.

71. Defendants failed to undertake good faith discussions to provide a reasonable accommodation. Defendants also recommended Plaintiff be terminated and later, in September, 2020, constructively discharged, or in the alternative, indefinitely suspended without pay Plaintiff.

72. Defendants' actions in Paragraph 54 in delaying to pay Plaintiff were undertaken in order to retaliate against Plaintiff for asserting rights under the ADA, ADAAA, and Section 504. In the alternative to Counts I and II, Defendants' actions in Paragraph 55 of the Complaint were undertaken in order to retaliate against Plaintiff for asserting rights under the ADA, ADAAA, and Section 504.

73. Defendants have also violated the ADA, ADAAA, and Section 504 by retaliating against Plaintiff for exercise of her protected statutory rights.

74. Defendants are an Illinois school district and its governing board, both with their principle administrative office in Cook County, Illinois. Defendant is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of the ADA and ADAAA.

75. Defendants are an Illinois school district and its Board with their principle administrative office in Cook County, Illinois. Defendants receive federal aid through No Child Left Behind, through the Department of Agriculture, and through special education funds. Defendants are thus bound to carry out the requirements of Section 504.

76. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on disability and retaliation with the Equal Employment Opportunity Commission on October 29, 2020, more than 60 days before this lawsuit was filed. A copy of the Charge is attached as Exhibit A. On March 1, 2021, Plaintiff received her Notice of Right To Sue from the EEOC, attached hereto as Exhibit B.

77. Plaintiff was hired in August, 2012, by Defendants. The last position held by Plaintiff was tenured teacher of eighth grade.

78. By refusing to pay Plaintiff for hours worked, constructively discharging and/or indefinitely suspending Plaintiff, refusing to accommodate Plaintiff's disability; and cutting off the interactive process for accommodation, Defendants and their agents have willfully and intentionally acted against Plaintiff in reprisal for her asserting her rights under the ADA, ADAAA, and Section 504.

79. Further, by refusing to pay Plaintiff for hours worked, constructively discharging and/or indefinitely suspending Plaintiff without pay, Defendants knew that and/or showed reckless disregard for the matter of whether its conduct violated the ADA and ADAAA.

80. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits, and other compensation.

WHEREFORE, Plaintiff, Rajanesha Ize-Iyamu, respectfully requests that this Court enter an order granting Plaintiff the following:

A. Reinstatement to her position as Tenured Teacher, with all backpay and employee and pension benefits;

B. If no comparable position is available, then an award for front pay and all prospective lost benefits; and

C. An award for liquidated damages, statutory damages, attorneys' fees and costs, and any other relief this Court deems appropriate.

**FIFTH CLAIM FOR RELIEF**
**Petition for Mandamus Under Illinois State Law**

81. Plaintiffs restate and reallege Paragraphs 1-23 and 55-67, above.

82. Under the clear terms of Section 24-11 of the Illinois School Code, 105 ILCS 5/24-11, Plaintiff was and is entitled to her position as tenured teacher, and it is the duty of the Defendant District and Board to appoint her to her position unless the Defendant seeks to discharge Plaintiff pursuant to the rules of the Illinois School Code.

83. Since September, 2020, Defendants have constructively discharged or, in the alternative, indefinitely suspended Plaintiff without pay rather than attempt to discharge Plaintiff for cause using the procedures required by the School Code.

84. Defendants have no legal right or authority to circumvent the Illinois School Code by constructively discharging or indefinitely suspending Plaintiff without pay. Yet Defendants have constructively discharged or indefinitely suspended Plaintiff without legal right to do so and despite the Defendants' duty to reappoint Plaintiff to her position as tenured teacher.

85. Plaintiff has an interest in, and a clear right to, the performance of this duty because Plaintiff is a tenured teacher with a financial interest in her employment.

86. The Defendants have refused and still refuse to perform their duty to reappoint Plaintiff to the position of tenured teacher as set forth above despite written demand by Plaintiff.

87. As a result of the Defendants' failure to act, Plaintiff has been injured due to the loss of employment, pay, and benefits of being a tenured teacher.

WHEREFORE, Plaintiffs request the following of the Court:

A. That a judgment of mandamus be entered against the Defendants;

B. That the Court order and mandate the Plaintiff be fully reinstated with back pay and restoration of benefits to her position as tenured teacher; and

C.      For such further and additional relief as the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF
### Breach of Teacher Tenure Contract under Illinois State Law

88.      Plaintiffs restate and reallege Paragraphs 1-23 and 55-67, above.

89.      Under the clear terms of Section 24-11 of the Illinois School Code, 105 ILCS 5/24-11, Plaintiff was and is entitled to her position as tenured teacher, and it is the duty of the Defendant District and Board to appoint her to her position unless the Defendant seeks to discharge Plaintiff pursuant to the requirements of the Illinois School Code.

90.      Under Illinois law, the position of tenure creates an employment contract wherein Defendants cannot terminate the contract without following the requirements of the School Code

91.      Since September, 2020, Defendants have constructively discharged or, in the alternative, indefinitely suspended Plaintiff without pay rather than attempt to discharge Plaintiff for cause using the procedures required by the School Code.

92.      Defendants have no legal right or authority to circumvent the Illinois School Code by constructively discharging or indefinitely suspending Plaintiff without pay. Yet Defendants have constructively discharged or indefinitely suspended Plaintiff without legal right to do so and despite the Defendants' duty to reappoint Plaintiff to her position as tenured teacher.

93.      Defendants' constructive discharge or, in the alternative, indefinite suspension without pay constitutes a breach of the Defendants' teacher tenure contract with Plaintiff.

94.      The Defendants have refused and still refuse to perform their duty to reappoint Plaintiff to the position of tenured teacher Duties as set forth above despite written demand by Plaintiff.

95.      As a result of the Defendants' failure to act, Plaintiff has been injured due to the loss of employment, pay, and benefits of being a tenured teacher.

WHEREFORE, Plaintiffs request the following of the Court:

A.      That a judgment of breach of teacher tenure contract be entered against the Defendants;

B.      That the Court order and mandate the Plaintiff be fully reinstated with back pay and restoration of benefits to her position as tenured teacher; and

C.      For such further and additional relief as the Court deems appropriate.

V. **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,
By: _____/S Joseph P. Selbka_____
One of Plaintiff's Attorneys

Joseph P. Selbka
PLUYMERT, MACDONALD, HARGROVE & LEE, LTD
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
Attorney No.: 06238063
pleadings@lawpmh.com
(847) 310-0025